IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHONDA L. ROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-CV-02139-HAB-DGB |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| LOWE'S HOME CENTERS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER, AMENDED AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL**

Comes now Defendant, Lowe's Home Centers, Inc. ("Defendant"), improperly labeled in the Complaint as "an Illinois Corporation" (which Defendant denies because it is a North Carolina corporation), by and through its attorneys, HEPLERBROOM, LLC, and for its Answer and Amended Affirmative Defenses to Plaintiff's Complaint (doc. 1-1), states as follows:

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits that it owed certain duties to Plaintiff under Illinois law, but denies this paragraph accurately states any such duty under Illinois law and further denies violation of any duty to Plaintiff.

4. Defendant admits that Plaintiff was at the Forsyth, Illinois Lowe's location on May 3, 2009, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5 and denies all allegations in all subparagraphs of paragraph 5.

1

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7 and further denies Plaintiff was injured or damaged to the extent claimed.

WHEREFORE, having fully answered the sole Count of Plaintiff's Complaint, Defendant, Lowe's Home Centers, Inc., prays that Plaintiff take nothing by this Complaint and that the same be dismissed, with prejudice, for Defendant to recover its costs, and for such other and further relief in favor of this Defendant as the Court deems proper.

**Defendant demands trial by jury of 12.**

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff had a duty to exercise ordinary care for her own safety but she failed to exercise such care. Plaintiff's comparative fault contributed to, proximately caused, or solely caused the incident alleged in the Complaint and any claimed injuries and damages. Specifically, but not by way of limitation:

    a. Plaintiff failed to exercise ordinary care for her own safety by failing to exercise caution in walking while wearing high-heeled shoes, specifically, clogs with three-inch heels; and

    b. Plaintiff failed to exercise care and caution for her own safety by failing to recognize and avoid any alleged problem or defect with the sidewalk in question, which was open and obvious and could and should have been seen and avoided by her, and for which Defendant had no duty to warn Plaintiff.

2. If Plaintiff can prove any damages as a result of the incident alleged in the

Complaint, she will be barred from recovering such damages if her contributory fault is found to be more than 50% of the proximate cause of the injury or damage for which recovery is sought or, in the alternative, any damages allowed shall be diminished in the proportion to the amount of fault attributable to Plaintiff, in accordance with 735 ILCS 5/2-1116.

SECOND AFFIRMATIVE DEFENSE

1. In the alternative, the alleged defect described in plaintiff's Complaint was *de minimus* and, accordingly, Defendant owed Plaintiff no duty, and the presence of such alleged defect did not create an unreasonable risk of harm to Plaintiff.

THIRD AFFIRMATIVE DEFENSE

1. Plaintiff had a duty to exercise ordinary care at all times to obtain and complete appropriate medical treatment for her claimed injuries and Plaintiff failed to do so. Damages proximately caused by Plaintiff's failure to exercise such care cannot be recovered.

**Defendant demands trial by jury of 12.**

Respectfully submitted,

HEPLERBROOM, LLC

By: */s/ Michael Patrick Murphy*
Michael Patrick Murphy, #06284342
400 S. Ninth St., Suite 100
Springfield, IL 62701
(217) 528-3674 (telephone)
(217) 528-3964 (facsimile)
E-mail: mpm@heplerbroom.com
Attorneys for Defendant, Lowe's Home Centers, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of October, 2011, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jack Kiley
Erickson, Davis, Murphy, Johnson & Walsh, Ltd.
132 S. Water Street, Suite 610
P.O. Box 25138
Decatur, IL  62525-5138
*Attorney for Plaintiff*

*/s/ Michael Patrick Murphy*